# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Farm Credit Leasing Services Corporation,<br><br>    Plaintiff,<br>v.<br><br>Fred Zepponi, Jr. a/k/a Fred Zepponni, Jr.,<br><br>    Defendant. | Case No.: _<br><br>**COMPLAINT**<br><br>3:19cv92-MPM-RP |

## INTRODUCTION

Plaintiff Farm Credit Leasing Services Corporation ("Farm Credit Leasing"), as and for its Complaint against Defendant Fred Zepponi, Jr. a/k/a Fred Zepponni, Jr. ("Defendant"), states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Farm Credit Leasing is a federally chartered instrumentality of the United States with its principal place of business at 1665 Utica Avenue South, Suite 400, Minneapolis, Minnesota 55416.

2. Defendant is an individual citizen of the State of Mississippi residing at 7 Neill Cove, Dundee, Mississippi 38626.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

4. Venue is appropriate in the Northern District of Mississippi pursuant to 28 U.S.C. § 1391 because the Defendant resides, and the personal property at issue is located, in this district.

1

## FACTS COMMON TO ALL COUNTS

5. Farm Credit Leasing is engaged, among other things, in the business of leasing equipment and other personal property to businesses and sole proprietors in the agriculture industry. Defendant is a customer of Farm Credit Leasing who obtained possession of agriculture equipment from Farm Credit Leasing pursuant to certain commercial equipment lease agreements.

### The Tractor Lease

6. On or about February 23, 2015, Defendant entered into a commercial equipment lease agreement with Farm Credit Leasing as evidenced by that certain Commercial Equipment Lease Agreement dated February 23, 2015, identified as contract number 001-0069180-000, executed and delivered by Defendant in favor of Farm Credit Leasing (the "Tractor Lease"), for the purpose of leasing a 2014 Deutz Fahr 4WD Tractor, model number 5110 DT (the "Tractor"), pursuant to the terms and conditions as are more specifically identified therein. A true and correct copy of the Tractor Lease is attached as **Exhibit 1** and is incorporated by reference.

7. On or about March 4, 2015, Farm Credit Leasing sent Defendant a Lease Change Notification noting the correct serial number of the Tractor is ZKDY7202W0TD10195. A true and correct copy of the Lease Change Notification is attached as **Exhibit 2** and is incorporated by reference.

8. According to Paragraph 6 of the Tractor Lease, Defendant agreed that the equipment would remain at the address identified in the Tractor Lease and that the "Equipment[1] will only be used in [Defendant's] trade or business . . . in accordance with applicable operating instructions, laws, government regulations, and applicable insurance policies."

9. Pursuant to Paragraph 12 of the Tractor Lease, Defendant shall be in default if he:

---

[1] As defined herein.

2

- Shall fail to pay when due any rent or other amount required to be paid by Defendant; or

- Shall be in default under any other agreement between Farm Credit Leasing and Defendant or under any material obligation to a third party for borrowed money or deferred purchase price of property.

10. Paragraph 13 of the Tractor Lease further provides that upon a default, Farm Credit Leasing shall have the right, in its sole discretion, to exercise its remedies, which include but are not limited to:

- Repossessing the Tractor without demand or notice, and without court order or legal proceeding, and selling or leasing the Tractor or otherwise disposing, holding or using such Tractor at Farm Credit Leasing's discretion;

- Recovering from Defendant all rent and other amounts then due and to become due hereunder;

- Recovering from Defendant all of Farm Credit Leasing's costs and expenses (including legal expenses and attorneys' fees) in enforcing the Tractor Lease;

- Availing itself to any other remedy available at law or in equity; and

- Recovering from Defendant an amount equal to the sum of:

    - Any accrued and unpaid rentals as of the date Farm Credit Leasing obtains possession of the Tractor following Defendant's default; plus

    - The present value of all future rentals reserved in the Tractor Lease and contracted to be paid over the unexpired term of the Tractor Lease and the present value of the anticipated residual value of the Tractor at the expiration of the Tractor Lease, discounted at a rate equal to the six (6) month U.S. Treasury Bill rate as of the repossession date; plus

    - All costs and expenses incurred by Farm Credit Leasing in any repossession, recovery, storage, repair, sale, re-lease, or other disposition of the Tractor including reasonable attorney's fees resulting from Defendant's default; less

3

- The amount received by Farm Credit Leasing upon the sale or re-lease of the Tractor, if any.

11. Pursuant to the Tractor Lease, Defendant agreed to make three consecutive annual payments of $8,938.99 commencing in February 2015, followed by four consecutive annual payments of $10,458.62 commencing in February 2018. According to the plain language of the Tractor Lease, Defendant's right to possession of the Tractor expires upon the earlier of the Defendant defaulting on the Tractor Lease, or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in February 2021. Defendant agreed to an end-of-lease residual and purchase option price of $18,500.00.

12. Although unnecessary because the transaction involving the Tractor was a lease under Article 2A of the UCC rather than a loan governed by Article 9 of the UCC, on or about March 2, 2015, Farm Credit Leasing caused a UCC-1 Financing Statement identifying the Tractor to be filed with the Mississippi Secretary of State, file number 20151590178A, as amended by that certain UCC-3 Financing Statement filed with the Mississippi Secretary of State on March 9, 2015, as file number 20151597700B, and Farm Credit Leasing subsequently caused a UCC-3 Financing Statement addressing the spelling of Defendant's name to be filed with the Mississippi Secretary of State as file number 20192895566B (collectively, the "Tractor Financing Statements"). True and correct copies of the Tractor Financing Statements are attached as **Exhibit 3** and is incorporated by reference.

13. Defendant failed to adhere to his payment obligations under the Tractor Lease and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Tractor Lease, Farm Credit Leasing is entitled to recover the amounts due under the terms of the Tractor Lease, as of December 16, 2018, of not less than $50,624.00, in addition to prejudgment interest,

4

costs, legal expenses and reasonable attorneys' fees incurred, and Farm Credit Leasing is entitled to recover the Tractor.

### The Master Lease

14. On or about August 21, 2017, Defendant entered into a lease agreement with Farm Credit Leasing as evidenced by that certain Lease Agreement dated on August 21, 2017, executed and delivered by Defendant in favor of Farm Credit Leasing (the "Master Lease"), for the purpose of leasing certain equipment more specifically identified in related lease schedules, pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the Master Lease is attached as **Exhibit 4** and is incorporated by reference.

15. According to Paragraph 8 of the Master Lease, Defendant agreed that the equipment would remain at the address identified in the applicable lease schedule and that, according to Paragraph 9 of the Master Lease, "all Equipment[2] will only be used in [Defendant's] trade or business . . . in accordance with applicable operating instructions, laws, government regulations, and applicable insurance policies."

16. Pursuant to Paragraph 18 of the Master Lease, Defendant shall be in default if he:

- Shall fail to pay all or any part of a rental payment or any other payment within 10 days after due and payable;

- Shall be in material default under any other agreement executed with Farm Credit Leasing at any time; or

- Shall be in material default under any obligation for the payment of borrowed money, for the deferred purchase price of property or any payment under any lease agreement.

---

[2] As defined herein.

17.     Paragraph 19 of the Master Lease further provides that upon a default, Farm Credit Leasing shall have the right, in its sole discretion, to exercise its remedies, which include but are not limited to:

- Declaring the entire amount of rental and other charges due and to become due hereunder for the entire Lease Term immediately due and payable;

- Taking immediate possession of any and all Equipment without notice;

- Selling or leasing any Equipment or otherwise disposing, holding, or using such Equipment at Farm Credit Leasing's sole discretion;

- Demanding payment of all costs incurred by Farm Credit Leasing in the course of correcting any default (including attorneys' fees and costs);

- Exercising any other right or remedy available to Farm Credit Leasing under the Uniform Commercial Code or any other applicable law; and

- Recovering from Defendant an amount equal to the sum of:

  - Any accrued and unpaid rentals as of the date Farm Credit Leasing obtains possession of the Equipment following Defendant's default; plus

  - The present value of all future rentals reserved in the Lease[3] and contracted to be paid over the unexpired term of the Lease discounted at a rate equal to the 6 month U.S. Treasury Bill rate as of the repossession date; plus

  - All costs and expenses incurred by Farm Credit Leasing in any repossession, recovery, storage, repair, sale, re-lease, or other disposition of the Equipment including reasonable attorney's fees resulting from Defendant's default; plus

  - The present value of the estimated residual value of the Equipment as of the expiration of the Lease, discounted at a rate equal to the 6 month U.S. Treasury Bill Rate as of the

---

[3] As defined therein.

6

repossession date; less the amount received by Farm Credit Leasing upon the sale or re-lease of the Equipment, if any.

### The 89252 Schedule

18. On or about August 21, 2017, Defendant entered into a lease schedule with Farm Credit Leasing in connection with the Master Lease, as evidenced by that certain Schedule A identified as contract 001-0089252-000 dated on August 21, 2017, executed and delivered by Defendant in favor of Farm Credit Leasing (the "89252 Schedule"), for the purpose of leasing a 2017 Hardi Self-Propelled Sprayer, model Presidio, serial number PR25400026 (the "89252 Sprayer"), pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the 89252 Schedule is attached as **Exhibit 5** and is incorporated by reference.

19. Pursuant to the 89252 Schedule, Defendant agreed to make one payment of $78,000.00 in August 2017 followed by five consecutive annual payments of $24,979.53 commencing in August 2018. According to the plain language of the Master Lease and 89252 Schedule, Defendant's right to possession of the 89252 Sprayer expires upon the earlier of Defendant defaulting on the Master Lease or 89252 Schedule, or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in November 2022. Defendant agreed to an end-of-lease residual and purchase option price of $104,000.00.

20. Although unnecessary because the transaction involving the 89252 Sprayer was a lease under Article 2A of the UCC rather than a loan governed by Article 9 of the UCC, on or about August 25, 2017, Farm Credit Leasing caused a UCC-1 Financing Statement identifying the 89252 Sprayer to be filed with the Mississippi Secretary of State, file number 20172379141A (the "89252 Financing Statement"). A true and correct copy of the 89252 Financing Statement is attached as **Exhibit 6** and is incorporated by reference.

CORE/3009126.0154/151825658.1

21.     Defendant failed to adhere to his payment obligations under the 89252 Schedule and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Master Lease, Farm Credit Leasing is entitled to recover the amounts due under the terms of the 89252 Schedule, as of December 16, 2018, of not less than $233,852.35, in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred, and Farm Credit Leasing is entitled to recover the 89252 Sprayer.

### The 90535 Schedule

22.     On or about October 16, 2017, Defendant entered into a lease schedule with Farm Credit Leasing in connection with the Master Lease, as evidenced by that certain Schedule A identified as contract 001-0090535-000 dated on October 16, 2017, executed and delivered by Defendant in favor of Farm Credit Leasing (the "90535 Schedule"; collectively with the Tractor Lease, Master Lease, and 89252 Schedule, the "Leases"), for the purpose of leasing a 2017 Hardi Sprayer, model Presidio, serial number PR25400028 (the "90535 Sprayer"; collectively with the Tractor and 89252 Sprayer, the "Equipment"), pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the 90535 Schedule is attached as **Exhibit 7** and is incorporated by reference.

23.     Pursuant to the 90535 Schedule, Defendant agreed to make one payment of $70,000.00 in October 2017 followed by five consecutive annual payments of $27,924.91 commencing in October 2018. According to the plain language of the Master Lease and 90535 Schedule, Defendant's right to possession of the 90535 Sprayer expires upon the earlier of the Defendant defaulting on the Master Lease or 90535 Schedule, or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in January 2023. Defendant agreed to an end-of-lease residual and purchase option price of $104,000.00.

8


24. Although unnecessary because the transaction involving the 90535 Sprayer was a lease under Article 2A of the UCC rather than a loan governed by Article 9 of the UCC, on or about October 24, 2017, Farm Credit Leasing caused a UCC-1 Financing Statement identifying the 90535 Sprayer to be filed with the Mississippi Secretary of State, file number 20172430398A (the "90535 Financing Statement"). A true and correct copy of the 90535 Financing Statement is attached as **Exhibit 8** and is incorporated by reference.

25. Defendant failed to adhere to his payment obligations under the 90535 Schedule and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Master Lease, Farm Credit Leasing is entitled to recover the amounts due under the terms of the 90535 Schedule, as of December 16, 2018, of not less than $248,129.23, in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred, and Farm Credit Leasing is entitled to recover the 90535 Sprayer.

### Defendant's Defaults

26. As a consequence of Defendant's defaults, Farm Credit Leasing issued a Notice of Default to Defendant on April 6, 2018. Defendant did not cure the defaults. A true and correct copy of the Notice of Default is attached as **Exhibit 9** and is incorporated by reference.

27. Farm Credit Leasing issued a second Notice of Default to Defendant on or about December 21, 2018. Defendant failed to cure the defaults. A true and correct copy of the second Notice of Default is attached as **Exhibit 10** and is incorporated by reference.

28. Defendant is in default and is in breach of the Leases. Consequently, Farm Credit Leasing is entitled to exercise its remedies afforded under the Leases and state and federal law. Such remedies include, without limitation, recovering the total amounts due under the terms of the Leases as of December 16, 2018, of not less than $532,605.58, plus prejudgment interest,

CORE/3009126.0154/151825658.1

costs, legal expenses and reasonable attorneys' fees incurred, and taking possession of the Equipment.

## COUNT I
## BREACH OF CONTRACT

29. Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. Farm Credit Leasing and Defendant are parties to the Leases, each of which constitutes an enforceable contract.

31. Farm Credit Leasing has performed all conditions precedent as required of it pursuant to the Leases.

32. Defendant has breached the Leases by failing to make the required payments due to Farm Credit Leasing.

33. As a direct and proximate result of Defendant's ongoing and uncured defaults, Farm Credit Leasing has suffered damages as of December 16, 2018, of not less than $532,605.58, plus prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred, and it is entitled to possession of the Equipment.

## COUNT II
## ALTERNATIVE COUNT - UNJUST ENRICHMENT

34. Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

35. Farm Credit Leasing leased the Equipment to Defendant, who received and utilized, the Equipment.

36. Demand has been made for payment but Defendant has failed and refused to make payment.

10

37. As a result, Defendant has been unjustly enriched in the amount as of December 16, 2018, of not less than $532,605.58, plus prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred, and it would be unjust for Defendant to retain the benefits received from Farm Credit Leasing without payment.

## COUNT III
## CLAIM FOR DELIVERY PURSUANT TO MISS. CODE ANN. § 11-37-101, et seq. AND FED. R. CIV. P. 64

38. Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39. Pursuant to the terms and conditions of the Leases, Farm Credit Leasing is entitled to possession of the Equipment upon a default of Defendant's obligations to Farm Credit Leasing.

40. Defendant took possession of the Equipment at or about the time he signed acceptance certificates, as evidenced by that certain: (a) Delivery and Acceptance Certificate for the Tractor, executed by Defendant and dated March 2, 2015; (b) Delivery and Acceptance Certificate for the 89252 Sprayer, executed by Defendant and dated August 22, 2017; and (c) Delivery and Acceptance Certificate for the 90535 Sprayer, executed by Defendant and dated October 18, 2017 (collectively, the "Delivery Certificates"). A true and correct copy of the Tractor Delivery Certificate is attached as page four of **Exhibit 1**. True and correct copies of the Delivery Certificates for the 89252 Sprayer and the 90535 Sprayer are attached as **Exhibit 11** and are incorporated by reference.

41. Defendant is in breach of his obligations under the Leases by virtue of his failure to make payments to Farm Credit Leasing.

42. Defendant has not cured the defaults under the Leases.

11

43. By virtue of Defendant's breach of his obligations under the Leases, Defendant is no longer entitled to use and possess the Equipment, he is wrongfully detaining it, he is seriously impairing Farm Credit Leasing's ownership interest in the Equipment, and he is using the Equipment in a manner that is inconsistent with the parties' contractual arrangement.

44. The Equipment can be easily transferred, disassembled, separated, moved at will, concealed in numerous locations, and sold, all of which to frustrate the exercise of Farm Credit Leasing's bargained-for remedies.

45. The Equipment is of such a nature that it will depreciate in value through continued use and as it ages. Thus, its resale value will steadily decline as it is used over a period of time. Farm Credit Leasing therefore expects that if Defendant continues to possess and use the Equipment, the value of Farm Credit Leasing's interest in the Equipment will steadily and irretrievably erode, which harms Farm Credit Leasing and its efforts to recover and preserve the economic usefulness of the Equipment.

46. Farm Credit Leasing is entitled to an order (i) directing Defendant to deliver, or cause to be delivered, the Equipment to a location to be designated by Farm Credit Leasing, or such other locations as agreed by the parties; (ii) directing that the Equipment be immediately and permanently seized and taken from the possession of Defendant; and (iii) directing that the Equipment be delivered to Farm Credit Leasing or its designated agent.

## PRAYER FOR RELIEF

WHEREFORE, Farm Credit Leasing prays that the Court:

A. Enter a judgment and order directing Defendant to deliver, or cause to be delivered, the Equipment to a location to be designated by Farm Credit Leasing or the Court;

B. Enter a judgment and seizure order directing law enforcement to seize the Equipment and deliver possession to Farm Credit Leasing or its agent;

C.  Enter a judgment and order granting Farm Credit Leasing the exclusive right to possession of the Equipment;

D.  Enter a judgment and order declaring that Farm Credit Leasing is allowed to dispose of the Equipment;

E.  Subject to the disposition of the Equipment, enter judgment against Defendant and in favor of Farm Credit Leasing for damages for Defendant's breach of the Leases and/or unjust enrichment in an amount to be proven at trial, but not less than, as of December 16, 2018, $532,605.58, plus prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred; and

F.  Award Farm Credit Leasing such other and further relief as the Court deems just and equitable.

Dated: April 24, 2019

By: /s/   Henry C. Shelton, III
Henry C. Shelton, III (104712)
ADAMS AND REESE LLP
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38819
(901) 524-5271
hank.shelton@arlaw.com

**ATTORNEY FOR FARM CREDIT LEASING SERVICES CORPORATION**

13